UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY BRAVICK,

    Plaintiff,                                  Case No.:_____

v.

ULTRAMATICS, INC.,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1331 and 1441, Defendant, Ultramatics, Inc. ("Ultramatics"), files this notice of removal of this action from the Circuit Court of Pinellas County (Circuit Court Case No. 11-10954-CI-19) in which it is currently pending, to the United States District Court for the Middle District of Florida because there is a federal question at issue. As grounds for removal, Ultramatics would show the Court:

### Introduction

Plaintiff, Stacey Bravick ("Plaintiff"), initiated this action on or about November 16, 2011, when she filed a Complaint against Ultramatics in the Circuit Court in and for Pinellas County, Florida. Plaintiff alleges that during the term of her employment she worked in excess of forty (40) hours per week but was not paid for that time in accordance with the Fair Labor Standards Act ("FLSA"). *See* paragraph 18 of Plaintiff's Complaint. Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings and orders served upon Ultramatics are attached as **Composite Exhibit A**.

## Timeliness of Removal

Plaintiff served Ultramatics with the Complaint on or about December 7, 2011. Ultramatics filed this notice of removal within thirty (30) days of service of Plaintiff's Complaint as required under 28 U.S.C Section 1446(b), and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding thirty day removal period begins to run when the Defendant is formally served).

## Federal Question

This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to the federal question jurisdiction conferred by 28 U.S.C. Section 1331. Specifically, jurisdiction under 28 U.S.C. Section 1331 exists because a federal question appears "on the face of the plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Indeed, the only claim Plaintiff brings in her Complaint is under the FLSA. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 292 F.3d 1308 (11th Cir. 2002) (finding that the FLSA suit was properly removed to federal court as a federal question).

## Filing of Removal Papers

Pursuant to 28 U.S.C. Section 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Pinellas County, Florida. A true and correct copy of this Notice is attached hereto as **Exhibit B**.

## Conclusion

Removal is appropriate under 28 U.S.C. Section 1331 because this action could have been filed originally in this Court pursuant to federal question jurisdiction. This notice of removal was filed within thirty (30) days after service of Plaintiff's Complaint. Accordingly, this action, currently pending in the Circuit Court for Pinellas County, Florida should be removed to the United States District Court for the Middle District of Florida, Tampa Division, and this Court should assume full jurisdiction of the case as provided by law.

Respectfully submitted,

_____
JASON H. BARUCH
Florida Bar No. 10280
jbaruch@trenam.com
ANDREW R. LINCOLN
Florida Bar No. 0069588
lincoln@trenam.com
Trenam, Kemker, Scharf,
  Barkin, Frye, O'Neill & Mullis
101 E. Kennedy Blvd., Suite 2700
Tampa, Florida 33602
(813) 223-7474
(813) 229-6553 (Facsimile)

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 8, 2011, a copy of the foregoing Notice of Removal was sent by U.S. mail and facsimile (813-229-8712) to: Steven G. Wenzel, Esquire, 1110 N. Florida Avenue, Suite 300, Tampa, FL 33602.

_____
ATTORNEY